DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1917.

---

Vincent Buszkiewicz, Administrator, Appellee, v. Chicago & Alton Railroad Company, Appellant.

Gen. No. 22,894.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed June 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Vincent Buszkiewicz, administrator of the estate of Josef Swajkowski, deceased, plaintiff, against the Chicago & Alton Railroad Company, defendant, to recover for the death of deceased, who was killed by a freight train belonging to defendant at a street crossing. From a judgment for plaintiff for $4,250, defendant appeals.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and JOHN IRVING PEARCE, of counsel.

FRANK P. SADLER, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

(1)

Buszkiewicz v. Chicago & Alton R. Co., 207 Ill. App. 1.

## Abstract of the Decision.

1. RAILROADS, § 733*—*when evidence is sufficient to show negli-
gence in operation of train approaching street crossing.* In an
action to recover for the death of a pedestrian who was killed as
he stepped on a westbound track on the northeast side of a rail-
road crossing by a train at night, the sight of which was obstructed
by the building, which was situated at a curve in the track,
where it appeared that it was the custom of defendant not to
operate its crossing gates at the hour of the accident, evidence
*held* sufficient to show that the accident was caused by the negli-
gence of defendant in maintaining at such a dangerous crossing
no device to warn or guard pedestrians of the approach of a train,
and also in running the particular train at an illegal rate of speed
without warning signals.

2. RAILROADS, § 755*—*when contributory negligence of deceased
in crossing tracks is question for jury.* In an action to recover for
the death of a pedestrian who was killed at night as he stepped
on a westbound track on the northeast side of a railroad cross-
ing by a westbound train, the view of which was obstructed by a
building and telegraph pole on the corner at a curve in the track,
so that an approaching train could not be seen until it was very
near the crosswalk, where there was evidence that deceased had
been in a saloon but was not intoxicated; that he looked in the
direction from which the train was coming before he stepped on
the tracks; that he was not familiar with the crossing and not
accustomed to crossing it at night, and it was not shown that he
was aware of the custom of defendant not to operate the gates
at the hour in the evening of the accident, *held* that it was a
question for the jury whether deceased was guilty of contributory
negligence, and that the evidence was sufficient to sustain such
a finding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.